992 F.2d 1216
 144 L.R.R.M. (BNA) 2744
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
AKRON CATHETER, INC. a/k/a Florida Kansas Health Care, Inc.,
Respondent.
 No. 93-5423.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1993.
 
 Before GUY and NELSON, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Akron Catheter, Inc. a/k/a Florida Kansas Health Care, Inc., Lake Chippewa, Ohio, its officers, agents, successors, and assigns, enforcing its order dated January 28, 1993, in Case No. 8-CA-24617, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Akron Catheter, Inc. a/k/a Florida Kansas Health Care, Inc., Lake Chippewa, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Failing to honor the terms of its 1990-1993 collective-bargaining agreement with United Paperworkers International Union, Local 1541, AFL-CIO, which is the designated exclusive bargaining representative of the Respondent's employees in the appropriate unit set forth below by unilaterally changing the terms of article 21 (insurance) and exhibit "B-2" by ceasing to make the required premium payments and thereby effectively terminating all employee medical insurance benefits; unilaterally changing the Memorandum of Understanding, Credit Union section, by failing to deposit in employees' credit union accounts wages earned by unit employees; unilaterally changing the terms of article 20 (vacations), and article 28 (wages) and exhibit "A" by failing to pay employees earned vacation pay and wages; and unilaterally changing the terms of exhibit "B-1" by failing to pay employee Katherine Smith required sick pay.
 
 The unit is:
 
 4
 All production and maintenance employees including the laboratory and quality control employees for the purpose of collective bargaining with respect to wages, hours and working conditions, but excluding office clericals, professionals, guards and supervisors (foremen trainees), as defined by the Act.
 
 
 5
 (b) Ceasing its manufacturing operations at its Chippewa Lake, Ohio facility without prior notice to the Union and without affording the Union an opportunity to bargain with the Respondent with respect to the effects of the cessation of manufacturing operations.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) Honor the terms of its collective-bargaining agreement with the Union; make whole unit employees for any expenses they may have incurred as a result of the Respondent's refusal to make such health insurance premium payments; make whole employees for any losses they may have suffered as a result of the Respondent's unilaterally changing the Memorandum of Understanding, Credit Union section, by failing to deposit in employees' credit union accounts wages earned by unit employees; make whole unit employees for any losses they may have suffered as a result of the Respondent's unilaterally changing the terms of article 20 (vacations), and article 28 (wages) and exhibit "A" by failing to pay employees earned vacation pay and wages; and make whole its employee Katherine Smith for any losses she may have suffered as a result of the Respondent's unilaterally changing the terms of exhibit "B-1" by failing to pay employee Katherine Smith required sick pay.
 
 
 9
 (b) On request, bargain with the Union regarding the effects on unit employees of its cessation of operations and pay limited backpay, with interest, in the manner set forth in the remedy section of the Board's decision.
 
 
 10
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 11
 (d) Mail to all unit employees and post at its facility in Lake Chippewa, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (e) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 14
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT unilaterally alter the terms of our collective-bargaining agreement with United Paperworkers International Union, Local 1541, AFL-CIO, which covers our employees in the following appropriate bargaining unit:
 
 
 17
 All production and maintenance employees including the laboratory and quality control employees for the purpose of collective bargaining with respect to wages, hours and working conditions, but excluding office clericals, professionals, guards and supervisors (foremen trainees), as defined by the Act.
 
 
 18
 WE WILL NOT refuse to provide notice and an opportunity to engage in meaningful bargaining regarding the effects of our decision to cease operations at our Chippewa Lake, Ohio facility.
 
 
 19
 WE WILL NOT refuse to pay our employees health insurance premiums, fail to deposit in employees' credit union accounts wages earned by them, fail to pay earned vacation pay and wages, and fail to pay required sick pay.
 
 
 20
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 21
 WE WILL honor the terms of our collective-bargaining agreement and make our employees whole, with interest, for our unilateral changes in medical insurance benefits; deposits in employees' credit union accounts of wages earned; earned vacation pay and wages; and sick pay.
 
 
 22
 WE WILL, on request, bargain in good faith with the Union regarding the effects on unit employees of cessation of operations at our Chippewa Lake, Ohio facility and pay unit employees limited backpay for our failure to do so, with interest.
 
 AKRON CATHETER, INC. a/k/a FLORIDA
 
 23
 KANSAS HEALTH CARE, INC.
 
 
 24
 /s/ (Employer)
 
 Dated __________
 By __________ (Representative) (Title)
 
 25
 This is an official notice and must not be defaced by anyone.
 
 
 26
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 East 9th Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone 216-522-3729.